IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

B.K., BY AND THROUGH HIS MOTHER, K.K.,

    Plaintiff,

v.

ST. CATHERINE OF SIENA SCHOOL,
ST. CATHERINE OF SIENA ROMAN CATHOLIC CHURCH
TIMOTHY HEDRICK, and
MARIA WARD

    Defendants.

Case No. 21-1339

Jury Demanded

# COMPLAINT

Plaintiff, by and through undersigned counsel, alleges as follows:

## PRELIMINARY STATEMENT

1. This case involves unlawful disability discrimination and retaliation by a school that receives both federal and state funds.

2. This is a civil action for declaratory relief, injunctive relief, monetary damages, and punitive damages to redress disability-based discrimination under the Rehabilitation Act, 29 U.S.C. § 701 *et seq*., Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*, La. Rev. Stat. §§ 46:1953, 46:2254, and 51:2247.  Plaintiff also asserts tort claims under Louisiana law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 794; 42 U.S.C. § 12188; and 28 U.S.C. § 1367(a).

4. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the Plaintiff's claims occurred there.

## PARTIES

5. Plaintiff, a minor child, is a person with a disability and a resident of Louisiana.

6. Plaintiff has a "disability," as defined by 42 U.S.C. § 12102, 29 U.S.C. § 705(20), and La. Rev. Stat. §§ 46:1952(2), 46:2253(12), 51:2232(3)(a).

7. Plaintiff is a "person aggrieved" under 29 U.S.C. § 794a(a)(2) and La Rev. Stat. § 46:1956(C), a "person … subjected to discrimination on the basis of disability" under 42 U.S.C. § 12188, a person "subject to unlawful discrimination" under La. Rev. Stat. § 46:2256(B), and a "person deeming h[im]self injured" under La. Rev. Stat. § 51:2264.

8. Defendant St. Catherine of Siena Roman Catholic Church is a nonprofit corporation doing business as St. Catherine of Siena School. Its principal place of business for both is located at 105 Bonnabel Blvd, Metairie, LA 70005.

9. Defendant Timothy Hedrick is the pastor and top administrative official at St. Catherine of Siena School.

10. Defendant Maria Ward is the principal of St. Catherine of Siena School.

## FACTUAL ALLEGATIONS

11. Defendant St. Catherine of Siena School (SCS) is a recipient of both federal and state funds.

12. On April 10, 2020, SCS received a federal loan of $955,266 from the SBA's "Paycheck Protection Program." This loan had not yet been paid back or forgiven when the events alleged in this complaint took place.

13. SCS receives over $50,000 per year of federal money through the National School Lunch Program, which is administered by the Louisiana Department of Education.

14. SCS also receives approximately $20,000 in state funds through the Louisiana Department of Education's textbook program.

15. SCS serves students between pre-Kindergarten and seventh grade.

16. SCS is not legally required to, and does not, provide special education services.

17. Despite the fact that SCS does not provide special education, it has an obligation to provide minor adjustments for students with disabilities that allow those students to participate in and equally enjoy the regular curriculum.

18. Plaintiff is a nine-year-old year boy who attended SCS between August 2016 and December 2020.

19. Plaintiff is a person with a disability. Specifically, Plaintiff has been diagnosed with ADHD Inattentive Type, and a Specific Learning Disorder in reading with impairment in oral reading, reading accuracy, and reading fluency.  These conditions substantially limit Plaintiff's major life activity of learning.

20. In February 2019, when Plaintiff was in first grade, a clinical psychologist and licensed behavioral analyst evaluated Plaintiff and diagnosed him with ADHD inattentive type and a "specific learning disorder in reading with impairment in oral reading, reading accuracy and reading fluency."

21. Based on this evaluation, SCS created for Plaintiff an "Educational Plan for Student for Individualized Needs." Under this individualized-needs plan, SCS was required to provide Plaintiff with "oral rechecks after written examination has been attempted."

22. Giving "oral rechecks" means that Plaintiff's teachers would read aloud the questions on quizzes and tests to Plaintiff, who struggles with reading because of his disability.

23. Plaintiff received oral rechecks for the remainder of first grade and throughout second grade.

24. Plaintiff performed well in school when he received oral rechecks.

25. The use of oral rechecks placed no meaningful burden on SCS.

26. At the beginning of August 2020, a few days before Plaintiff was to begin the third grade, SCS mailed to Plaintiff's parents a letter stating that the school was unilaterally discontinuing Plaintiff's oral rechecks.

27. The letter provides no medical basis for the decision, other than the conclusory statement that oral rechecks is "neither a valid nor reliable testing accommodation that [the] school can offer."

28. The letter claims that SCS consulted "literature," without citing any, and that SCS consulted "many authoritative professionals," without naming any.

29. There is no literature supporting the notion that using oral rechecks is not a "valid" or "reliable" accommodation. To the contrary, the literature is quite clear that the use of oral rechecks is an extremely reliable accommodation for people with Plaintiff's disability.

30. SCS had not consulted with Plaintiff's parents about the decision before sending the letter, which blindsided them.

31. On Monday August 10, 2020, Plaintiff's mother posted a message on her personal, private Facebook page about the decision. The post stated, "[My son] is now not getting the accommodations he was once afforded last year at St. Catherine. What a surprise, considering we just received this notification days before school is slated to begin… [S]chool starts Thursday."

32. In posting this message, Plaintiff's mother was complaining about a decision that she believed was unlawful.

33. Less than one hour after Plaintiff's mother posted the message, Fr. Timothy Hedrick, who is SCS's pastor and top administrative official, sent three text messages to Plaintiff's father. The messages demanded that his wife take down her Facebook post. The first message, sent at 8:03pm, is a picture of SCS's handbook, with the text "This is from our handbook." Then, an

hour later, Fr. Hedrick followed up with two more messages to Plaintiff's father, saying "Both posts need to come down," and "It is non-negotiable."

34. About 40 minutes later, Fr. Hedrick sent a private Facebook message to Plaintiff's mother demanding that she "take down [her] post" because it is "inappropriate" and that "[i]f [she] ha[s] an issue with something the school has done, [she] should contact the school and not take to social media."

35. Shortly thereafter, Plaintiff's mother removed the post. Plaintiff's parents then requested a meeting with Fr. Hedrick and Maria Ward, the school principal.

36. At this meeting, Fr. Hedrick told Plaintiff's parents that the Facebook post was "against school policy" and that "if it happens again, your son will be asked to leave the school."

37. Plaintiff's parents viewed the statements and actions of Fr. Hedrick to be retaliation for their having complained about disability discrimination.

38. Without his accommodations, Plaintiff struggled in English and reading, and his grades in those subjects went from Bs the year before to Cs in the first quarter of the 2020-2021 school year. This caused Plaintiff significant distress, and he repeatedly asked his parents, "What did I do wrong?"

39. On November 18, 2020, Plaintiff's mother met with the assistant principal, Amanda Gelpi, and other school officials, who told her that if her son's reading didn't improve, he would have to find another school.

40. According to his first quarter 2020 report card, Plaintiff had 2 As, 3 Bs, and 2 Cs.

41. Later that day, Ms. Gelpi followed up via email with a list of four "other Catholic schools" that she and others had "brainstormed" that "could support [Plaintiff]." Plaintiff's parents were

shocked by the school's position that Plaintiff would be asked to leave because of his learning disability.

42. On December 14, 2020, Principal Ward called Plaintiff's mother. During this conversation, Plaintiff's mother explained that Plaintiff felt as if he were being punished, and she requested that the school reimplement Plaintiff's oral rechecks.

43. In response, Principal Ward stated, "That's not the direction the school is headed." She also asked, "Do you think we would be able to accommodate an autistic child?"

44. Plaintiff's mother interpreted this statement as expressing animus against children with disabilities and felt that she had no choice but to withdraw her son from the school, which she did on December 18, 2020.

45. Plaintiff's parents enrolled Plaintiff in another Catholic school, which is currently providing the oral rechecks he needs, without any issues.

46. Recently, Plaintiff's parents discovered that the SCS admissions application asks multiple pre-admission questions regarding disabilities, including "Has your child ever had any type of evaluation for psychological, learning, social, emotional or medical reason?"; "Does your child have a vision, hearing, speech or developmental delay?"; and "Has your child ever received any classroom accommodations?".

47. On March 9, 2021, counsel for Plaintiff's parents sent a letter via certified mail to SCS complaining about the discrimination. The letter expressed their desire to resolve the matter out of court, but also explained their willingness to file suit in court if the matter could not be resolved.

48. Settlement discussions between counsel for Plaintiff and counsel for SCS were not successful.

**FIRST CLAIM – Disability Discrimination (Section 504 of the Rehabilitation Act)**

49. Plaintiff repeats and realleges all allegations of this Complaint as set forth above.

50. Defendant violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, because it is a recipient of federal funds, and it discriminated against Plaintiff solely on the basis of his disability.

51. Defendant treated Plaintiff less favorably solely because of his disability.

52. Defendant failed to provide minor adjustments for Plaintiff's disability.

53. The discriminatory actions of Defendant were intentional and taken with deliberate indifference to Plaintiff's rights.

54. Plaintiff suffered injuries as a result of Defendant's conduct.

55. Plaintiff asserts this claim against St. Catherine of Siena Roman Catholic Church.

**SECOND CLAIM – Disability Discrimination (ADA)**

56. Plaintiff repeats and realleges all allegations of this Complaint as set forth above.

57. Defendant violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, because it is a public accommodation that discriminated against Plaintiff on the basis of his disability.

58. Defendant treated Plaintiff less favorably because of his disability.

59. Defendant denied Plaintiff a reasonable accommodation for his disability.

60. The discriminatory actions of Defendant were intentional and taken with deliberate indifference to Plaintiff's rights.

61. Plaintiff suffered injuries as a result of the Defendant's conduct.

62. Plaintiff asserts this claim against St. Catherine of Siena Roman Catholic Church.

**THIRD CLAIM – Disability Discrimination (La. Rev. Stat. § 46:1953)**

63. Plaintiff repeats and realleges all allegations of this Complaint as set forth above.

64. Defendants violated La. Rev. Stat. § 46:1953 because they denied a "person with a disability" the same rights "as a person who is able-bodied."

65. Defendants treated Plaintiff less favorably because of his disability.

66. Defendants denied Plaintiff a reasonable accommodation for his disability.

67. The discriminatory actions of Defendants were intentional and taken with deliberate indifference to Plaintiff's rights.

68. Plaintiff suffered injuries as a result of Defendants' conduct.

69. Plaintiff asserts this claim against all defendants.

### FOURTH CLAIM – Disability Discrimination (La. Rev. Stat. § 51:2247)

70. Plaintiff repeats and realleges all allegations of this Complaint as set forth above.

71. Defendants violated La. Rev. Stat. § 51:2247 because they "den[ied] an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, … on the grounds of … disability."

72. Defendants treated Plaintiff less favorably because of his disability.

73. Defendants denied Plaintiff a reasonable accommodation for his disability.

74. The discriminatory actions of Defendants were intentional and taken with deliberate indifference to Plaintiff's rights.

75. Plaintiff suffered injuries as a result of Defendants' conduct.

76. Plaintiff asserts this claim against all defendants.

### FIFTH CLAIM – Disability Discrimination (La. Rev. Stat. § 46:2254)

77. Plaintiff repeats and realleges all allegations of this Complaint as set forth above.

78. Defendant violated La. Rev. St. § 46:2254 because they "discriminate[d] against … an individual enrolled as a student at the institution on the basis of a disability."

79. Defendant treated Plaintiff less favorably because of his disability.

80. Defendant denied Plaintiff a reasonable accommodation for his disability.

81. The discriminatory actions of Defendant were intentional and taken with deliberate indifference to Plaintiff's rights.

82. Plaintiff suffered injuries as a result of Defendant's conduct.

83. Plaintiff asserts this claim against St. Catherine of Siena Roman Catholic Church.

### SIXTH CLAIM (Negligence)

84. Plaintiff repeats and realleges all allegations of this Complaint as set forth above.

85. The Defendants had a duty to Plaintiff to conform their conduct to a specific standard of care, and their conduct fell below that standard of care.

86. The Defendants' negligence caused Plaintiff damages.

87. Plaintiff asserts this claim against all defendants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment:

1. Declaring that Defendants' conduct as set forth above violates 29 U.S.C. § 794; 42 U.S.C. § 12182; and La. Rev. Stat. §§ 46:1953, 46:2254, & 51:2247.

2. Declaring that Defendants are liable for negligence;

3. Entering an injunction directing that Defendants and their officers, directors, agents, employees and successors, and all other persons in active concert or participation with Defendants, take all affirmative steps necessary to remedy the effects of the illegal, discriminatory, and tortious conduct alleged and to prevent similar occurrences in the future;

4. Awarding compensatory and/or nominal damages to Plaintiff for injuries caused by Defendants' discriminatory and tortious conduct, pursuant to 29 U.S.C. § 794a, 42 U.S.C. § 12188, La. Rev.

Stat. § 46:1956, La. Rev. Stat. § 46:2256, La. Rev. Stat. § 51:2264, and any other applicable provisions.

5. Awarding punitive damages to Plaintiff for injuries caused by Defendants' discriminatory and tortious conduct, pursuant to 29 U.S.C. § 794a, 42 U.S.C. § 12188, La. Rev. Stat. § 46:1956, La. Rev. Stat. § 46:2256, La. Rev. Stat. § 51:2264, and any other applicable provisions.

6. Awarding costs and attorney's fees to Plaintiff, pursuant to 29 U.S.C. § 794a, 42 U.S.C. § 12133, La. Rev. Stat. § 46:1956, La. Rev. Stat. § 46:2256, La. Rev. Stat. § 51:2264, and any other applicable provisions;

7. Requiring that Defendant Hedrick and Defendant Ward undergo remedial training regarding their obligations under state and federal laws prohibiting disability discrimination;

8. Requiring that Defendants put into place policies and training to prevent similar violations from occurring in the future;

9. Granting such further relief as this Court may deem just and proper.

## JURY DEMAND

Consistent with Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a trial by jury as to every claim for which he is entitled.

Respectfully submitted,

July 14, 2021

   /s/ *Chris Edmunds*

Chris Edmunds, Counsel for Plaintiff
LBSA: 37670
Chris Edmunds Law Office
4937 Hearst St., Suite 2F
Metairie LA 70001
(504) 314-0034
chrisedmundslaw@gmail.com